TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00602-CV







Skyline Partners LLC, Appellant



v.



Margaret Easley, Administratrix of the Estate of Robert York Easley, Deceased, Appellee







FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 69,093-B, HONORABLE GUY HERMAN, JUDGE PRESIDING








 This appeal presents the question whether the claimant against an estate timely sued
after the estate's representative rejected an amended claim. Appellant Skyline Partners LLC
challenges the trial court's summary judgment denying the amended claim it presented to appellee
Margaret Easley, administratrix of the estate of Robert York Easley, deceased. We will affirm
the trial court's judgment.

 Skyline, a Texas limited liability company, was formed in July 1997 to build and
sell homes in the Austin area. Robert Easley was a member of Skyline who also performed
subcontracting work for the company from its formation until his death in October 1997. On
March 11, 1998, Skyline filed an unsecured claim with Margaret Easley, seeking $30,380.03 from
Robert's estate. On July 13, 1998, Skyline filed an amended claim, in which it increased the
value of its claim against the estate to $63,387.16. When Margaret refused to pay Skyline the
amount set forth in its amended claim, Skyline filed this suit.

 In its second issue, Skyline contends that the trial court erred in rendering summary
judgment on the entire cause because Skyline sued within ninety days after Easley rejected the
second claim. When a claim against an estate is presented to the estate's representative, the
representative must decide within thirty days whether to allow or reject the claim. Tex. Prob.
Code Ann. § 309 (West Supp. 2000). The representative's failure to allow or reject a claim
within that time constitutes a rejection of the claim. § 310. When the representative has rejected
a claim, the claimant must sue within ninety days of the rejection, or the claim is barred. §313. 
The thirtieth day after Skyline filed its original claim fell on April 10, 1998, and ninety days after
that date extended to July 9. Skyline filed its amended claim on July 13, and brought this suit on
September 4, 1998.

 Margaret sought summary judgment on the ground that Skyline's amended claim
was simply an attempt to circumvent the filing deadline set out in the Probate Code. Margaret
asserted in her motion that the amended claim related back to the date the original claim was filed
and was barred because Skyline sued more than ninety days after the original claim was rejected. 
Skyline responded that the amended claim in fact presented a new claim that was based on
different actions by Robert and that caused the filing deadline to begin running anew. To prevail
on her summary-judgment motion, Margaret must show that no genuine issue of material fact
exists and that she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

 In support of its original claim for $30,380.03, Skyline attached a detailed
description of actions taken by Robert that caused loss to Skyline. Skyline asserted that Robert
took draws on projects without performing the work or using the money to pay suppliers, that he
took advances from Skyline without repaying them, that he made mistakes on building projects 
which Skyline had to either compensate the buyer for or correct, that he overbought materials for
projects and used the materials on his own property, and that he underestimated costs on projects
by as much as fifty percent. In discussing Robert's actions, Skyline mentioned that he had
received over $60,000 from Skyline for services and draw advances, while the other partner had
received a little over $4000. Skyline itemized the funds owed it as $30,380.03 for cash draw
advances, $26,026.85 for additional project costs, and $3,138.96 for Skyline's money used for
personal property or money paid to Robert twice. Skyline noted in its attachment that the funds
constituting additional project costs had been charged to particular jobs, causing losses to Skyline,
when they should have been charged to Robert directly as the subcontractor.

 In its amended claim, Skyline stated that the amount sought was founded on
indebtedness owed by Robert as a partner to Skyline. Skyline declared that based on the attached
financial report, it was amending the value of its claim to $63,387.16. The financial report
includes a balance sheet reflecting Skyline's assets and liabilities as of July 1, 1998, and an
income statement. The balance sheet includes two equity accounts designating Robert and his
estate that show losses which together equal the difference between Skyline's original and
amended claims. In opposition to Margaret's summary-judgment motion, Skyline asserted that
it discovered for the first time after filing its original claim that Skyline had sustained substantial
operating losses on projects for which Robert had responsibility.

 Contrary to Skyline's assertion as to when it discovered these operating losses, the
documents supporting its original claim specify that $26,026.85 in additional project costs should
have been charged to Robert, but were instead charged to particular jobs, resulting in losses to
Skyline. Although it knew about these project costs, Skyline did not include them in the
$30,380.03 it originally claimed. Nevertheless, the amounts Skyline itemized in its original claim
for cash draw advances, additional project costs, and company money used for personal property
total $59,545.84, within $4000 of the amount Skyline sought in its amended claim.

 We determine that, rather than asserting a new loss in its amended claim, Skyline
merely revised its original claim to include amounts for Robert's actions that it had originally
described but not added to the $30,380.03. That Skyline itself characterized its act as amending
the value of the original claim, rather than filing a new claim, supports our determination. By
reasserting the same claim after the ninety-day deadline to sue had passed, Skyline improperly
tried to revive its right to sue. See Willis v. Talbert, 11 S.W. 535, 536 (Tex. 1889) (once right
to sue had passed, claimant could not revive it by second presentation of same claim less $500
credit). Because the trial court did not err in granting summary judgment on this basis, we
overrule the second issue.

 In its first issue, Skyline argues that the trial court erroneously rendered summary
judgment because the unliquidated nature of Skyline's claims exempted those claims from the
ninety-day filing deadline. Skyline, however, failed to raise this issue in its response to Easley's
summary-judgment motion. Issues not expressly presented to the trial court by written motion,
answer, or other response cannot be considered on appeal as grounds to reverse a summary
judgment. Tex. R. Civ. P. 166a(c). Although Skyline presented this issue in a separate brief
supporting its response to Easley's motion, issues raised in a brief filed contemporaneously with
the response do not comply with Rule 166a(c). McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 341 (Tex. 1993). We overrule Skyline's first issue.

 Our disposition of issues one and two renders it unnecessary to address Skyline's
remaining issues. We affirm the judgment of the trial court.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: June 15, 2000

Do Not Publish



 compensate the buyer for or correct, that he overbought materials for
projects and used the materials on his own property, an